UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| MICHAEL ROSE, a single person,<br><br>Plaintiff,<br><br>-vs-<br><br>CITY OF WENATCHEE; CHELAN COUNTY; ROBERT RICARDO PEREZ, JR. AND LUCY PEREZ, and the marital community composed thereof; KENNETH BADGLEY AND JANE DOE BADGLEY, and the marital community composed thereof; ROY FORE AND JANE DOE FORE, and the marital community composed thereof; PHILIP K. SAFAR AND JANE DOE SAFAR, and the marital community composed thereof; AND JOHN DOES 1-5,<br><br>Defendants. | ) | NO. CS-03-0460-LRS<br><br>**ORDER GRANTING DEFENDANTS ROY FORE AND CHELAN COUNTY'S MOTION FOR SUMMARY JUDGMENT; REMANDING REMAINING STATE LAW CLAIM** |

BEFORE THE COURT are the Chelan County Defendants' Motion for Summary Judgment (Ct. Rec. 14) and Plaintiff's Motion to Continue Time for Filing Summary Judgment Response Pursuant to Rule 56(f) (Ct. Rec. 23). For the reasons stated below, Defendants' motion is granted and Plaintiff's motion is denied.

**I. UNDISPUTED FACTS**

On September 22, 1994, criminal charges were filed by the Chelan County Prosecutor's Office against plaintiff, Michael Rose, alleging crimes involving the sexual abuse of children. The criminal charges

were the result of an investigation conducted by the City of Wenatchee Police Department. In support of the felony information filed by Defendant Roy Fore, Deputy Prosecuting Attorney for Chelan County, Fore signed and filed an "Affidavit of Probable Cause" summarizing the evidence supporting the charge gathered from reports provided by the Wenatchee Police Department. Fore's affidavit stated in part as follows:

> "Roy S. Fore, being first duly sworn on oath deposes and says: that I am the duly appointed deputy prosecuting attorney for the County of Chelan and am authorized to make this affidavit on behalf of the plaintiff.
> ....
> That I have received two reports from Detective Robert Perez, Wenatchee Police Department. Attached to the report is the statement of Cherie L. Town. I have read the above stated materials and am familiar with their contents. This affidavit is based upon said materials.
> ....
> That based upon the foregoing, probable cause does exists to believe that the defendant has committed the crimes..."

*Plaintiff's Statement of Material Facts, Ex. 9.*

A Chelan County Superior Court judge found probable cause existed to prosecute Rose. On March 29, 1995, Rose was found guilty of all five counts submitted to the jury, including child molestation in the second degree, two counts of rape of a child in the second degree, one count of child molestation in the first degree, and one count of rape of a child in the first degree. Rose was sentenced to 280 months in prison. Rose challenged his criminal convictions by filing a direct appeal and two personal restraint petitions. The Washington State Court of Appeals, Division III, ordered a hearing to determine whether a Wenatchee police detective had used coercive and suggestive techniques when he interviewed the two victims, and if so whether

those tactics so tainted the children's testimony at trial as to render their testimony unreliable. The Chelan County Prosecutors decided not to proceed with the hearing and filed a motion for dismissal. Rose was released on or about December 5, 2000.

On December 4, 2003, Rose filed this civil rights complaint against the City of Wenatchee, the city's detective, Robert Perez, the Chief of Police, Kenneth Badgley, Chelan County, its prosecutor and deputy prosecutor Roy Fore, and Philip Safar, Rose's assigned counsel. The suit alleges misconduct in the investigation, prosecution, and defense of his case. The present motion for summary judgment involves only Chelan County and its employee, Roy Fore. Plaintiff contends that Fore omitted information he knew which was material to the issue of probable cause and that "had Mr. Fore...stopped and reflected how the information he knew contradicted the sworn testimony he was submitting [in the Affidavit of Probable Cause], Mr. Rose would not have sent [SIC] six years in prison." Memo in Support of Motion To Continue at 8.

**II. DISCUSSION**

"[T]he ordinary framework for deciding motions for summary judgment" applies to motions for summary judgment based on official immunity. *Butler v. San Diego Dist. Attorney's Office*, 370 F.3d 956, 963 (9th Cir. 2004)(indicating Courts no longer construe the allegations in the complaint as true when deciding a motion for summary judgment based upon official immunity). Because the moving defendant bears the burden of proof on the issue of qualified immunity, he or she must produce sufficient evidence to require the

plaintiff to go beyond his or her pleadings. *Id.* The defendant's burden is to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). All reasonable inferences are construed in favor of the non-moving party, as in all other motions for summary judgment. *Eastman Kodak Co. v. Image Technical Serv., Inc.*, 504 U.S. 451, 456, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992).

**A. Plaintiff's Claims**

Plaintiff alleges in his complaint that "Prosecutor Roy Fore caused Michael Rose to be charged with and detained on the basis of false, misleading and incomplete facts set forth in an 'affidavit of probable cause' signed by him on September 22, 1994. Defendant Fore knew or should have known those facts were false." Ct. Rec. 1, ¶ 3.18.

**B. Absolute Immunity**

Defendants first argue deputy prosecutor Roy Fore is entitled to absolute prosecutorial immunity for his actions in obtaining the arrest warrant because he was acting pursuant to the preparation of a prosecutor's case. A prosecutor is entitled to absolute immunity from a civil action for damages when he or she performs a function that is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). This immunity does not arise purely from esteem for prosecutors, but rather arises from the concern that protecting the prosecutor's role as an advocate is necessary to protect the

judicial process itself. *Kalina v. Fletcher*, 522 U.S. 118, 127, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997).

It is well established that a prosecutor is entitled to absolute immunity for preparing and filing criminal charges. *Imbler*, 424 U.S. at 431 (holding a prosecutor is immune for "initiating a prosecution and presenting the State's case"); *Kalina*, 522 U.S. at 129 (holding a prosecutor was entitled to absolute immunity for preparing and filing an information and a motion for an arrest warrant). Other actions which occur in the course of a prosecutor's role as an advocate are protected by absolute immunity such as presenting the State's case, *Kalina,* 522 at 431, 96 S.Ct. 984, appearing at a probable cause hearing to support an application for a search warrant, *Burns*, 500 U.S. at 492, 111 S.Ct. 1934, and the preparing and filing an arrest warrant. *Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997).

The functions of an advocate do not include advising police officers whether probable cause exists during their pretrial investigation, *Burns*, 500 U.S. at 493, 111 S.Ct. 1934, or fabricating evidence before probable cause has been established, *Buckley v. Fitzsimmons*, 509 U.S. 259, 275, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). A prosecutor is not entitled to absolute immunity to the extent that he or she acts as a complaining witness. *Kalina*, 522 U.S. at 129-31 (holding a prosecutor was not entitled to absolute immunity for personally signing a certification for determination of probable cause under penalty of perjury which contained two inaccurate factual

statements). This is so because "[t]estifying about facts is the function of the witness, not of the lawyer." *Id.* at 130.

Immunity determinations thus rest on "the nature of the function performed, not the identity of the actor who performed it." *Kalina*, 522 U.S. at 127, 118 S.Ct. 502 (citations omitted); *Mishler v. Clift*, 191 F.3d 998, 1002 (9th Cir.1999). The party asserting immunity bears the burden to show that such protection is justified. *See Burns v. Reed*, 500 U.S. 478, 486, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991).

In this instance, Mr. Fore personally *executed* the sworn Affidavit of Probable Cause. The prosecutor's role in swearing out a probable cause affidavit is not protected by absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 120, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997). In *Kalina*, the United States Supreme Court denied absolute immunity to a prosecutor who filed the equivalent of an affidavit in support of a motion for an arrest warrant. The prosecutor had filed three documents: an information charging burglary, a motion for an arrest warrant, and a "Certification for Determination of Probable Cause," a sworn document establishing the grounds for issuing the warrant. 522 U.S. at 120-21. The Certification contained "two inaccurate factual statements" regarding the plaintiff's access to the site of the burglary and his selection in a photo montage by a witness. *Id* at 121. The Court unanimously held that when a prosecutor personally attests to the truth of the evidence presented in an affidavit of probable cause in support of an arrest warrant, which neither state or federal law required prosecutors to do, he or she becomes a complaining witness, and is thus not entitled to absolute immunity. 522 U.S. at

130-31, 118 S.Ct. 502. The Court distinguished *Kalina's* act of personally vouching for the truth of the facts set forth in the certification under penalty of perjury, stating:

> Petitioner argues that the execution of the certificate was just one incident in a presentation that, viewed as a whole, was the work of an advocate and was integral to the initiation of the prosecution. That characterization is appropriate for her drafting of the certification, her determination that the evidence was sufficiently strong to justify a probable-cause finding, her decision to file charges, and her presentation of the information and the motion to the court. Each of those matters involved the exercise of professional judgment; indeed, even the selection of the particular facts to include in the certification to provide the evidentiary support for the finding of probable cause required the exercise of the judgment of the advocate. But that judgment could not affect the truth or falsity of the factual statements themselves. Testifying about facts is the function of the witness, not of the lawyer. No matter how brief or succinct it may be, the evidentiary component of an application for an arrest warrant is a distinct and essential predicate for a finding of probable cause. Even when the person who makes the constitutionally required "Oath or affirmation" is a lawyer, the only function that she performs in giving sworn testimony is that of a witness.

*Id.* at 130-31.

Defendants argue this case is distinguishable from *Kalina* because in *Kalina,* the prosecutor's affidavit included the attestation that she was "familiar with the police report *and the investigation conducted*" *(*emphasis added*)* by the police department and the prosecutor certified "[u]nder penalty of perjury" that the statements were "true and correct." Unlike *Kalina*, defendants contend here, the affidavit here did not contain any such personal attestations to the truth of the factual averments in the affidavit. Fore claims he did not swear to the truth of the matters in the police investigation reports, but merely presented it as part of his role as a prosecutor.

Unquestionably, when Fore was deciding what facts to include in the affidavit of probable cause he was acting in his capacity as an "advocate for the state." However, considering all of the circumstances, because the purpose of Fore's affidavit was to provide the court with the facts necessary to make a finding of probable cause, the Court finds Fore's *execution* of the sworn affidavit was fulfilling the role of a witness, just as in *Kalina*.

The Fourth Amendment requirement that an arrest warrant be based "upon probable cause, supported by Oath or affirmation" may be satisfied by an indictment returned by a grand jury, but not by the mere filing of criminal charges in an unsworn information signed by the prosecutor. *Kalina* 522 U.S. at 129, *citing Gerstein v. Pugh*, 420 U.S. 103, 117, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). Since most prosecutions in Washington are commenced by information, in order to comply with these constitutional requirements, Washington law requires that an arrest warrant be supported by either an affidavit or sworn testimony establishing the grounds for issuing the warrant.

The affidavit submitted by Fore was clearly intended to meet these requirements. Defendants' view of the affidavit would mean that the affidavit was merely to inform the court that Fore believed probable cause existed. However, the oath or affirmation requirement is not satisfied by a sworn affidavit without any accompanying sworn factual allegations of wrongdoing. The Court has no reason to believe Fore was trying to get around the oath or affirmation requirement, rather he was simply trying to fulfill the requirement himself by summarizing the accusations in the police reports himself. By doing this Fore was

not performing a function that was so close to the judicial process as to provide him with absolute immunity. Instead, he was testifying about allegations contained in unsworn police reports, which is the function of a witness, not a lawyer. Accordingly, Fore is not entitled to absolute immunity from liability for alleged deficiencies in the affidavit.

**C. Qualified Immunity**

Even if Fore does not receive absolute immunity, qualified immunity may shield the official from liability for his involvement with the affidavit of probable cause. Whether qualified immunity protects a defendant from liability is a question of law decided by the court. After a defendant asserts the qualified immunity defense, the plaintiff must show a clearly established constitutional right existed that the defendant violated. The Supreme Court in *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), explained why qualified immunity should be determined early in the proceedings:

> [A] ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive. Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.' *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). The privilege is 'an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.' *Ibid.* As a result, 'we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.' Hunter v. Bryant, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (per curiam).

*Id.* at 200-01, 121 S.Ct. 2151 (emphasis in original).

**1. Fourth Amendment Claim - Probable Cause to Arrest**

Plaintiff asserts that Defendant Fore caused Rose to be improperly detained without probable cause because Fore omitted exculpatory evidence from the Affidavit of Probable Cause which he executed and submitted to a judge in support of the application for an arrest warrant. An arrest made without probable cause violates the Fourth Amendment right to be free from unreasonable seizures and can be the basis of a claim under 42 U.S.C. § 1983.

An officer generally has qualified immunity from a claim that he lacked probable cause to arrest, absent a showing that a reasonably well-trained officer in his position would have known that his warrant affidavit failed to establish probable cause. *Malley v. Briggs*, 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). Where, as here, the officer is accused of deliberately omitting information from the affidavit making it materially false and misleading, and claims qualified immunity, the Ninth Circuit has tailored this inquiry. Specifically, in order to survive summary judgment, plaintiff must:

> (1) make a substantial showing that the warrant application contained a deliberate falsehood (or omission) or reckless disregard for the truth, and,
> (2) establish the materiality of the falsehood (or omission) by showing that if the offending material is excised (and/or the omission is included), the information provided to the Magistrate would be insufficient to establish probable cause.

*Lombardi v. City of El Cajon*, 117 F.3d 1117, 1124-26 (9th Cir.1997); *Hervey v. Estes*, 65 F.3d 784, 789 (9th Cir.1995); *see also Liston v. County of Riverside*, 120 F.3d 965, 972-73 (9th Cir.1997). Whether the statements were deliberately false is ultimately a factual issue for the jury, but the plaintiff must at least make a "substantial showing" on this issue to survive summary judgment. *See Lombardi*, 117 F.3d at

1126, n. 6; *Hervey*, 65 F.3d at 790-91. Whether the alleged omissions are material is a question of law for the Court to decide. *Hervey*, 65 F.3d at 789. If the plaintiff can satisfy both of the above requirements, then the officer is not entitled to qualified immunity and the claim proceeds to trial for the jury to determine whether the officer deliberately or recklessly included false statements (or omitted information) in the affidavit. *Id.* at 791. Each of the above two requirements is addressed in turn.

**a. Substantial showing of deliberate falsehood and omissions**

Plaintiff contends that Fore deliberately omitted various exculpatory facts and evidence from the affidavit of probable cause. Specifically, plaintiff alleges the following were known, but omitted:

1. Fore and/or Gary Riesen, prosecuting attorney for Chelan County, were aware that Officer Perez's initial report about James and William Town was false, in that it asserted that William had initially disclosed alleged sexual abuse to his teacher;
2. Fore and/or Riesen were aware that the initial source of the allegations was the minor's mother, who was involved in a custody dispute with their father;
3. Fore knew medical and psychiatric reports concerning the minors demonstrated the boys had severe mental problems, and had denied being sexually abused.
4. Fore knew that Riesen had received a letter dated May 20, 1994 from a CPS worker that stated the minors had denied being sexually abused by anyone but their parents;
5. Fore and/or Riesen knew that Perez had received a letter from Cherie Town in July 1994, which stated she "didn't know anything about" the allegations that her children had been abused by others, and claiming she was "drunk and drugged" through this period.
6. Fore and/or Riesen knew that the statement in Officer Perez's August 12, 1994 police report that he had never discussed Mr. Rose with Cherie Town was false; Officer Perez's July 11, 1994 police report indicates that he had discussed Mr. Rose with Cherie Town, and Ms. Town had not made any child sexual abuse allegations against Mr. Rose.
7. Fore had doubts about the reliability of Cherie Town as a witness.

8. Fore and Riesen knew Detective Perez was submitting police reports that demonstrated a bizarre pattern of lurid confessions, that in almost all cases, the arrested persons immediately repudiated.
9. Fore was aware by September 22, 1994, that Detective Perez was repeatedly interviewing some children and obtaining allegations against adults the children had not named in previous interviews; in some cases Fore participated in child interviews that did not produce allegations only to have Perez obtain allegations in an additional interview.
10. Fore knew the Town children had been previously interviewed numerous times and never made any allegations against Rose.

*See* Plaintiff's Memo in Support of Motion to Continue, at 10-12.

Defendants do not dispute these alleged facts were omitted from the affidavit of probable cause.

**b. Materiality of the omissions and/or falsehoods**

To determine the issue of materiality, courts must ask whether, if the omitted material was included and the false information excised, there still would have been probable cause to arrest. Probable cause exists when the police have knowledge of facts and circumstances based on reasonably trustworthy information that would warrant a belief by a reasonably prudent person that the person arrested has committed a criminal offense. *Franklin v. Cox*, 312 F.3d 423, 438 (9th Cir. 2002). "The evidence need support 'only the probability, and not a prima facie showing, of criminal activity.'" *Id.* It also "need not be admissible, but only legally sufficient and reliable." *Id.*

Though plaintiff asserts the above-mentioned omissions would have undermined the finding of probable cause, plaintiff fails to support this assertion with any legal argument. Instead, plaintiff has simply moved this Court for a continuance under Federal Rule of Civil

Procedure 56(f) to have the opportunity to depose Fore and Riesen in order to obtain the evidence to demonstrate Fore omitted these, and perhaps other, material facts from the warrant application.

Rule 56(f) permits the district court to grant the moving party a continuance to take depositions or conduct further discovery, if the moving party demonstrates that he cannot present facts essential to justify his opposition to the summary judgment motion by affidavit. However, in *Harlow v. Fitzgerald*, the Supreme Court stated that the issue of qualified immunity is a threshold question, and that discovery should not be allowed until that question is resolved. *Harlow v. Fitzgerald* , 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 736. This rule is designed to shield government officials from the burdens and costs of litigation and to prevent disruption of governmental responsibilities. *Id.* at 817, 102 S.Ct. at 2737-38.

Plaintiff has explained *what* information he would seek if permitted to depose Fore and Riesen, but he has not articulated *how* any of the specific information sought might prevent summary judgment. In particular, plaintiff has not explained how this information, if known to Fore, would have been material to the finding of probable cause. Nor can the Court infer from these alleged omissions, or any other portion of the record, that Fore intentionally and/or recklessly omitted these facts.

It is common for sex abuse victims to suppress memories of the assault or deny that it happened. Likewise, witnesses may fail to tell an officer about an event on one occasion but later decide to come forward. This appears to have happened in the case of Cherie

Town, the children's mother. Nevertheless, she later provided a detailed statement recounting her own personal witnessing of sexual encounters between Rose and her two children. Even assuming the judge had been disclosed all of the information alleged by plaintiff to have been known by Fore and/or Riesen, the judge would still have had Detective Perez's reports and the signed *Miranda* waiver and statements of Cherie Town.

Furthermore, any doubts defendant Fore had about Cherie Town's credibility must be set off against the statement which she provided to the investigating officer. In the absence of substantial reason to conclude that she was deliberately lying or covering the facts, it was not a reckless act to rely upon the statement in support of the criminal charges against the plaintiff. The Court notes in passing, that while Fore could authenticate the statement of Cherie Town in the affidavit of probable cause, Fore could not have vouched for the credibility of Ms. Town. *United States v. Roberts,* 618 F.2d 530, 533 (9th Cir.1980), cert. denied, 452 U.S. 942, 101 S.Ct. 3088, 69 L.Ed.2d 957 (1981)("It is improper for the prosecution to vouch for the credibility of a government witness."). However, it is not fatal that Fore could not vouch for the reliability of Ms. Town's statements as there are numerous ways an informant's trustworthiness may be established. See *United States v. Angulo-Lopez*, 791 F.2d 1394, 1397 (9th Cir.1986). For example, a witness's statement may be deemed sufficiently reliable when information provided in the past by the same witness involved the same type of criminal activity, *Illinois v. Gates*, 462 U.S. 213, 233, 103 S.Ct. 2317, 2329, 76 L.Ed.2d 527 (1983)

or when the witness is able to describe events in sufficient detail, *United States v. Archuleta* , 446 F.2d 518, 520 (9th Cir. 1971) (informant's tip given in sufficient detail to provide probable cause for arrest). The fact that Ms. Town was involved in a custody dispute involving the children is an immaterial fact to the finding of probable cause and furthermore, does not disqualify Ms. Town as a witness whose testimony and demeanor, as well as bias, would ultimately be placed before the trier of fact who would hear all of the evidence and render a verdict.

Plaintiff has not demonstrated the necessity of a rule 56(f) continuance, nor has plaintiff met his burden of demonstrating Fore's alleged omissions could have invalidated the finding of probable cause. Even when accepting plaintiff's allegations as true, the Court finds the plaintiff could not show that the omitted facts would have tipped the balance against a finding of probable cause. Moreover, Rose's conviction on all five counts, although later dismissed following an appeal, is at a minimum strong evidence of probable cause. *See generally*, *Hanson v. Snohomish*, 121 Wash.2d 552, 560, 852 P.2d 295 (1993)(finding "a conviction, although later reversed, is conclusive evidence of probable cause, unless that conviction was obtained by fraud, perjury or other corrupt means ..."). Finally, there is no evidence of record tending to show that Fore omitted the information either deliberately or with a reckless disregard for the truth. Accordingly, defendant Fore is entitled to summary judgment on plaintiff's Fourth Amendment claim.

**2. Fourteenth Amendment - Due Process Claim**

Plaintiff has also alleged that Defendant Fore caused Rose to be charged on the basis of "false, misleading, and incomplete facts set forth in the affidavit of probable cause." There is a clearly established constitutional Fourteenth Amendment due process right not to be subjected to criminal charges on the basis of false evidence deliberately fabricated by the government. *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001)(en banc). To the extent the plaintiff's complaint appears to raise a *Devereaux* claim, the Court will address defendant Fore's claim for immunity from liability.

To decide whether a defendant is protected by qualified immunity, a court must first determine whether, "[t]aken in the light most favorable to the party asserting injury, ... the facts alleged show the officer's conduct violated a constitutional right." *Saucier*, 533 U.S. at 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). If the plaintiff's factual allegations do add up to a violation of the plaintiff's federal rights, "the second inquiry is whether the officer could nevertheless have reasonably but mistakenly believed that his or her conduct did not violate a clearly established constitutional right." *Id.* ("The concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct.").

To prevail on a "deliberate-fabrication-of-evidence claim," a plaintiff must at a minimum show either: (1) that defendants continued their investigation although they knew or should have known that the accused was innocent, or (2) that defendants used investigation techniques that were so coercive and abusive that they knew or should

have known that those techniques would yield false information. *Devereaux*, 263 F.3d. at 1076.

After reviewing all the factual allegations which plaintiff claims a deposition of Fore and/or Riesen would reveal Fore was aware of, as set forth above, the Court again finds plaintiff has failed to establish the need for a continuance to conduct discovery on this issue. None of the allegations suggest Fore knew or should have known Rose was in fact innocent or that investigative techniques utilized in the investigation were so coercive they would yield false information. *Devereaux*, 263 F.2d at 1076. The Court also notes that the fact that the prosecution dismissed the charges against Rose after his conviction does not necessarily prove innocence, or even suggest the prosecutor believed Rose was innocent. *See* Affidavit of Gary Riesen dated Feb. 16, 2005, Ct. Rec. 19, ¶ 24. On the contrary, Fore has stated that he "believed at all times during the criminal proceedings that probable cause existed to support the charges against Michael Rose and that sufficient evidence existed to proceed to trial on the case." Affidavit of Roy Fore, Ct. Rec. 18, ¶ 5.

Even assuming plaintiff could sufficiently adduce evidence to support a *Devereaux* claim, Defendant Fore would still be entitled to qualified immunity because a prosecutor could nevertheless have reasonably but mistakenly believed that relying upon the police reports of Detective Perez and the statement of Cherie Town for the affidavit of probable cause would not violate plaintiff's constitutional rights. Plaintiff has failed to demonstrate how discovery would enable him to rebut the defendant's showing of

objective reasonableness or demonstrate a connection between the information he would seek in discovery and the validity of the defendant's qualified immunity assertion. Therefore, plaintiff's request for continuance is also denied in this instance, and Defendant Fore is entitled to qualified immunity.

**D. Chelan County Liability**

The County is not shielded by defendant Fore's qualified immunity. See *Owen v. City of Independence*, 445 U.S. 622, 638, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980). In order to set forth a claim against a municipality under 42 U.S.C. § 1983, a plaintiff must show that the defendant's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, the plaintiff's civil rights; or that the entity ratified the unlawful conduct. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir.1991). The municipal action must be the moving force behind the injury of which plaintiff complains. *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 405, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997).

Defendants maintain that plaintiff has not come forward with the requisite showing to establish the elements of a claim for municipal liability. Plaintiff responds only by asking that the Court defer its ruling pursuant to Fed.R.Civ.P. 56(f) until after the plaintiff has had the opportunity to take depositions and inquire about the policies of the Chelan County Prosecuting Attorney's Office. Plaintiff's Memo in Support of Motion to Continue at 12.

Plaintiff's Motion to Continue and substantive response to Chelan County's motion for summary judgment falls well short of the requirements of Rule 56(f). A mere intention to take depositions, without anything to indicate that such depositions are likely to elicit evidence pertinent to the issues raised, is insufficient. Discovery is not to be a fishing expedition. Notably, nowhere in the complaint does plaintiff claim that the County or the County's employees were acting pursuant to an official policy of Chelan County, though the Court notes the individual employees are also sued in their official capacities. Furthermore, even if the complaint were to be liberally construed to assert such a cause of action, plaintiff's motion for continuance has failed to give the Court any indication that there may very well be merit to any claim against the County and how additional discovery would assist.

In the absence of this information, there is no basis for delaying summary judgment. Since plaintiff has failed to set forth facts creating a triable issue of fact as to the merits of his *Monell* claim, Chelan County is entitled to summary judgment on this claim.

**III. CONCLUSION**

Accordingly, and for all the reasons set forth above, the Court **DENIES** plaintiff's Motion for Continuance (Ct. Rec. 23) and **GRANTS** defendants Roy Fore and Chelan County's motion for summary judgment (Ct. Rec 14).

All federal causes in this action under § 1983 have been dismissed. Accordingly, the court declines to exercise supplemental jurisdiction over the unique state law cause of action of professional

negligence alleged against defendant Safar.[1] Therefore, this claim is remanded to Chelan County Superior Court. See 28 U.S.C. § 1367(c).

The District Court Executive is directed to file this Order, enter Judgment in favor of defendants Roy Fore and Chelan County, provide copies to counsel, and close this case.

**DATED** this 9th day of August, 2005.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

[1] The Court also notes, it appears the Court lacks personal jurisdiction over Safar as it does not appear from the record that Safar was ever served with a summons and complaint as no certificate of service has been filed, nor has this defendant otherwise appeared, answered, or been defaulted.